CALLAHAN, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s decision in all respects but one. Because I believe that MetLife did not abuse its discretion in denying Frost benefits for the remainder of the 24-month period based on her ability to perform her “own occupation,” I respectfully dissent.
The Plan’s definition of “own occupation” is not limited to the Frost’s “specific position,” and may include “a similar activity that could be performed with [her] Employer or any other employer.” Although Dr. Jares and Dr. Duvall checked boxes on a worksheet indicating functional limitations that were apparently incompatible with Frost’s job as an operations manager, they do not necessarily preclude a finding that Frost could perform “similar activities.” Further, nothing in the Plan appears to require MetLife to list the other “similar activities” Frost could perform either with her own or another employer.
Moreover, although the checked boxes, by themselves, seem to rule out Frost’s specific job, the doctors’ narrative opinions clearly indicate that she was capable of performing her “own occupation,” and are well-supported by the record. Specifically, they rely on the findings and opinions of Frost’s own doctors, including Drs. Pai, Christine, Rivera, and Samatovicz, which undermined Frost’s alleged limitations and indicated the likelihood of a psychological component or cause to her long-list of symptoms.
*593 In light of the Plan’s broad definition of “own occupation,” and substantial evidence supporting MetLife’s determination, the minor discrepancy between the checked boxes and the well-supported narrative opinions does not amount to an abuse of discretion. See Boyd v. Bell/Pete Rozelle NFL Players Ret. Plan, 410 F.3d 1173, 1178 (9th Cir.2005) (“In the ERISA context, even decisions directly contrary to evidence in the record do not necessarily amount to an abuse of discretion.”). Accordingly, I would affirm the denial of benefits for the remainder of the 24-month period governed by the Plan’s “own occupation” standard.